IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERRIE SANDERSON,

      **Plaintiff,**

v.                                                     No. CIV 15-0849 LF/LAM

DESERT HILLS OF NEW MEXICO, et al.,

      **Defendants.**

# SECOND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on the Court's *Order to Show Cause (Doc. 14)*, filed on March 7, 2016, and Plaintiff's response to the Order to Show Cause [*Doc. 15*], filed on May 5, 2016. In the Order to Show Cause, the Court noted that summonses have been issued to all Defendants in this case, but that Defendant Maria Santillanes had not yet filed an Answer or other responsive pleading to Plaintiff's Complaint. [*Doc. 14* at 1]. The Court, therefore, ordered Plaintiff to show good cause why Plaintiff has failed to move this case forward as to Defendant Santillanes, and stated that failure to do so within thirty days would result in dismissal of this case without prejudice as to Defendant Santillanes. *Id.* In response to the Order to Show Cause, Plaintiff's counsel states that the reason he did not respond within thirty days is because he did not see the Order until May 4, 2016 "during a search of the Court's records," and that "[t]his was the first notice Plaintiff's counsel had of the Order to Show Cause." [*Doc. 15* at 2]. Plaintiff's counsel further states that, in February 2016, Plaintiff agreed to dismiss Defendant Acadia Healthcare, Inc., and that "[i]n exchange for dropping Acadia, Plaintiff's counsel believed he would receive information from [Defendant] Desert Hills regarding the whereabouts of Ms. Santillanes so she could be served." *Id.* However, Plaintiff's counsel states that "[t]o date,

no information has been received regarding Ms. Santillanes," that "Plaintiff's counsel has been unable to find Ms. Santillanes and serve her," and that "Plaintiff will most likely have to conduct discovery to find and serve Ms. Santillanes." *Id.* at 3. Plaintiff, therefore, asks the Court to vacate the Order to Show Cause and allow the parties to submit a scheduling order to the Court. *Id.* at 4.

First, the Court notes that the Court's docket reflects that notice of the Order to Show Cause was e-mailed to Plaintiff's counsel's e-mail address of record, and that it is counsel's responsibility to monitor any notices from the Court and to notify the Court of any changes to his contact information. *See* D. N.M. LR-Civ. 83.6 ("All attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their firm name, mailing addresses, telephone numbers, facsimile numbers, or electronic addresses."). The Court, therefore, directs Plaintiff's counsel to ensure that his correct contact information has been provided to the Court.

Next, the Court considers whether or not Plaintiff has provided an adequate explanation regarding why he has failed to move this case forward as to Defendant Santillanes.[1] Plaintiff's counsel states that he "is moving the case forward and has done so since filing the lawsuit." [*Doc. 15* at 3]. However, Plaintiff's counsel fails to state what efforts he has made to locate Defendant Santillanes, other than stating that he believed he would receive information regarding her whereabouts from defense counsel, and that this information has not been received. *Id.* The Court finds that Plaintiff has not provided an adequate explanation of what efforts Plaintiff has made to find and serve Defendant Santillanes. In addition, Plaintiff fails to set forth adequate

---

[1] While Plaintiff's counsel asks the Court to not dismiss her lawsuit based on his failure to timely respond to the Order to Show Cause and Plaintiff's inability to locate Defendant Santillanes (*see* Doc. 15 at 1 and 3), the Court's Order to Show Cause states that failure to show cause why this case has not been moved forward as to Defendant Santillanes would result in dismissal without prejudice of Defendant Santillanes only (*Doc. 14* at 1). Therefore, the Court will only address the issue of dismissal of Defendant Santillanes.

support for allowing early discovery to try to locate Defendant Santillanes and, regardless, has not filed a motion to allow her to conduct early discovery in this case.  For these reasons, the Court will not quash its Order to Show Cause at this time.  Instead, the Court will allow Plaintiff **fifteen (15) days from the entry of this Order** to either serve Defendant Santillanes or show good cause why she has not done so.  If Plaintiff chooses to seek discovery to locate this Defendant, she must do so in compliance with the Court's Local Rules and the Federal Rules of Civil Procedure.  *See, e.g.*, D.N.M.LR Civ. 26.4(a) and Fed. R. Civ. P. 26(d)(1) (explaining that a party may not seek discovery before the parties have conferred as required by Rule 26(f), except by agreement of all parties or by Court order).  In addition, the Court will deny Plaintiff's request to submit a scheduling order to the Court at this time.  Instead, the Court will set a deadline for the parties to submit a scheduling order once the issue regarding the proper parties to this case has been resolved.

**IT IS THEREFORE ORDERED** that Plaintiff's counsel shall contact the clerk's office to ensure that his correct contact information has been provided to the Court.

**IT IS FURTHER ORDERED** that, **within fifteen (15) days of entry of this Order**, Plaintiff shall either effect service on Defendant Santillanes or notify the Court in writing why service has not been made.

**IT IS FURTHER ORDERED** that Plaintiff's request to submit a scheduling order to the Court is **DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**