## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**SHERRIE SANDERSON,**

**Plaintiff,**

**v.**                                                    **No.  15 CV 849 JCH/LAM**

**DESERT HILLS OF NEW MEXICO, et al.,**
**Defendant.**

### ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Her Complaint. **[Doc. 21]** Plaintiff seeks to replace misidentified defendants Maria Santillanes and John Doe with the correct names—Maria Salinas and Michael Girlamo, respectively. She also seeks to add a claim of race discrimination under 42 U.S.C. Section 1981. Defendant Desert Hills opposes the motion. Having reviewed the motions, briefing, and relevant law, the Court concludes that Plaintiff's motion will be granted.

**I.       BACKGROUND**

Plaintiff was employed by Defendant Desert Hills of New Mexico (Desert Hills) from October 8, 2012 until her termination on March 19, 2013. **[Doc. 1, p. 2]** Plaintiff alleges that during her time as a Desert Hills employee she suffered race-based harassment and discrimination. She also alleges that she experienced retaliation by her supervisors after reporting the mistreatment. **[*Id.*]** After her termination, Plaintiff filed her claim of discrimination with the EEOC, which denied relief, thereby authorizing Plaintiff to file suit in federal district court. **[*Id.*]**

On September 23, 2015, Plaintiff filed a complaint alleging discrimination under Title VII and NMSA 1978, Section 28-1-7, naming Desert Hills, Acadia Healthcare, Inc., Maria Santillanes, and John Doe as Defendants. **[Doc. 1]** Defendant Acadia Healthcare was voluntarily dismissed from the lawsuit by Plaintiff. **[Doc. 13]** Desert Hills filed an answer on January 25, 2016, indicating that it was "not aware of an individual named 'Maria Santillanes'" and denying that it "employed anyone by the name Maria Santillanes." **[Doc. 10]**

On March 7, 2016, after no responsive pleadings were filed on behalf of Defendant Santillanes, the presiding magistrate judge issued an order to show cause, giving Plaintiff's attorney thirty days to show good cause for his failure to move the case forward with regard to Santillanes, otherwise the claims against her would be dismissed. **[Doc. 14]** Plaintiff's attorney responded on May 5, 2016, explaining that his failure to respond to the Court's order within the thirty day period was because he had not received notice of the order and only realized it had been issued when he looked at the court records on the case. **[Doc. 15]** Plaintiff's attorney also explained that he had not been able to make progress on the case against Santillanes because he had not been able to locate Santillanes to serve process and would likely need discovery in order to find her. **[Doc. 15]** On May 12, 2016, the magistrate judge issued a second order to show cause, giving Plaintiff's attorney fifteen days to either serve Santillanes or show good cause why he had not done so, and directing Plaintiff's attorney to verify his contact information on file with the Court. **[Doc. 17]** Plaintiff's attorney responded to the order on May 27, 2016 and informed the magistrate judge that Plaintiff had apparently misidentified Santillanes, and that the correct party was either Maria Salinas or Leigh-Ann Santillanes. **[Doc. 18]** He told the Court that he had requested information about both individuals and would file a motion for leave to amend with the correct name on June 3, 2016. **[Doc. 18]**

By August 30, 2016, Plaintiff still had not requested leave to amend the complaint, and the magistrate judge issued a third order to show cause, again giving Plaintiff's attorney fifteen days to show good cause or have the case against Santillanes dismissed without prejudice. **[Doc. 19]** Plaintiff's attorney filed a response on September 14, 2016, informing the Court that Maria Salinas was the correct party, not Santillanes, and that John Doe had been identified as Michael Girlamo. **[Doc. 20]** Plaintiff filed an opposed motion for leave to amend her complaint on September 16, 2016, so that she could correct the names of the two individual Defendants and add a cause of action for discrimination and retaliation under 42 U.S.C. Section 1981. **[Doc. 21]** Desert Hills argues that the motion should be denied because Plaintiff has unduly delayed amending the complaint. **[Doc. 23]**

## II.    STANDARD

Motions to amend are governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. "Rule 15(a)(2) provides that once the deadline for amendment as a matter of course has passed, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'" *Birch v. Polaris Indus.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting FED. R. CIV. P. 15(a)(2)). District courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  Unless the court finds there is good reason supporting denial, leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). Reasons supporting the denial of a motion to amend include" undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed," or a showing that the amendment would be either unduly prejudicial to the opposing party or futile. *Id*. The "liberal granting of motions for leave to amend reflects the basic policy that

pleadings should enable a claim to be heard on its merits." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

### III.    ANALYSIS

Plaintiff contends that she should be allowed to amend her complaint because "Defendants will not be prejudiced by the amended pleading." **[Doc. 24, p. 4]** Defendant argues that the amendment should not be allowed because the motion is untimely and Plaintiff "provides no good reason for her undue delay." **[Doc. 23, p. 1]** Thus, Defendant argues, because the motion was unduly delayed without good cause, the issue of prejudice is moot. **[Doc. 23, p. 6]**

In this case, nearly one year passed from the time Plaintiff filed her original complaint to the time she filed her motion for leave to amend the complaint. **[*See* Doc. 1, Plaintiff's Original Complaint, filed September 23, 2015; Doc. 21, Plaintiff's Motion for Leave to Amend Her Complaint, filed September 16, 2016]** To determine whether Plaintiff's delay in filing the motion to amend was "undue," the Court considers the reasons for the delay. *See Cohen v. Longshore,* 621 F.3d 1311, 1313 (10th Cir. 2010). Under existing Tenth Circuit precedent, it is appropriate to deny leave to amend if Plaintiff "has no adequate explanation for the delay." *See id*. In the original complaint, Plaintiff explained that she would need discovery in order to properly identify "John Doe" and that she would add the correct information when she obtained it. **[Doc. 1, p. 2]** Plaintiff first indicated to the Court that she would need additional information to locate and serve "Maria Santillanes" on May 5, 2016. **[Doc. 15]** On May 27, 2016, after a second order to show cause, she clarified that Santillanes had been misidentified and that she would file a motion to amend on June 3, 2016, once she determined which of two potential parties was the correct one. **[Doc. 18]** However, Plaintiff did not actually file the motion to

amend with both Michael Girlamo and Maria Salinas correctly identified until September 16, 2016, after a third order to show cause. **[Doc. 21]**

Based on this information it appears that during this time all parties were aware that Plaintiff would be filing an amended complaint. Plaintiff's delay in filing the motion for leave to amend was based on Plaintiff's initial misidentification of Maria Salinas and Michael Girlamo as "Maria Santillanes" and "John Doe." Further, it appears that Plaintiff was making efforts to determine the correct party names throughout the time between filing the original complaint and the motion to amend, albeit slowly and with some prodding by the magistrate court through multiple orders to show cause. Given the "liberal standard" that applies when considering a motion to amend, the Court concludes that the time it took Plaintiff to amend her complaint does not rise to the level of "undue delay."

The Court has also considered whether Defendant would be unfairly prejudiced by the grant of Plaintiff's request to amend her complaint. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (internal quotation marks and citation omitted). The correction of the party names and the addition of the claim under Section 1981 depend on essentially the same facts raised in the original complaint, facts which Defendant would already be aware of in preparing to defend against the allegations in the original complaint. Accordingly, the Court's grant of Plaintiff's Motion for Leave to Amend Her Complaint will not result in unfair prejudice to Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Her Complaint **[Doc. 21]** is **GRANTED**. The Plaintiff's First Amended Complaint is to be filed on the docket within 5 working days of the entry of this Order.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**